This is a suit by plaintiff, a retail liquor dealer, against the L. T. Campbell Construction Company and its insurer for the cost of repairing an outside Neon sign and for the loss of revenues while this sign was out of use. Defendants admitted the negligence of their representative and tendered to plaintiff the full cost of repairing the damaged sign and trial was had upon plaintiff's demand for $1230.87 as "loss of revenue from sales" during the time the sign was undergoing repairs.
From a judgment of the District Court granting plaintiff judgment for the repair cost plus $108 for loss of revenue or profit, defendants have appealed.
Plaintiff did not answer the appeal and in brief asked that the judgment in his favor be affirmed.
We shall first discuss defendants' contention that plaintiff's demand for "loss of revenue" during the thirty-day period in which the sign was out of commission was not equivalent to a demand for loss of profits, defendants in brief arguing that the word "revenues" included "the value of merchandise, the cost thereof, the cost of operating his business, and the gross and net profit."
The word "revenue" is one used in many senses. One of the recognized meanings being, see Webster's Dictionary, "that which returns. or comes back, from an investment." Again, the "annual rents, *Page 279 
profits, interests, or issues of any species of property, real or personal." The dictionaries give the word "revenue" other meanings, particularly the proceeds to public bodies from taxes, etc. Sufficient for the decision in the case before us is it to say that the word "revenue," like many others in the English language, is ambiguous in meaning and often the meaning which should be ascribed to it is best determined by an examination of the words with which it is connected. Paragraph five of plaintiff's petition stated, "that as a direct result of this said loss the total revenues received by petitioner from the operation of his business during the period stated, (the thirty days during which the sign was out of use), were decreased considerably, * * *." He itemized his damages as "Loss of Revenue from Sales, $1230.87."
A reading of the petition, including the above quoted portion, fairly apprised the defendants that plaintiff was seeking $1230.87 for loss of profits due to the absence of the damaged sign while repairs were in progress.
Plaintiff's liquor store is located on U.S. Highway No. 80, just east of Shreveport in Bossier City, Louisiana. The record shows that the sign was damaged on November 16, 1947; that repairs were instituted without delay and the sign was replaced on December 16, 1947. Plaintiff testified that his average net profits amounted to 9.09% and that his sales for the thirty-day period preceding the damaging of the sign grossed $3629 — for the thirty-day period while the sign was out of use, the sales were $2679.94; for the thirty-day period following the re-use of the sign, $5940.20. The receipts for the second and third months prior to the damaging of the sign were $3655.93 and $3476.94, respectively, and the gross receipts for the second month following the re-installation of the sign were $3648.46. The District Judge gave an award of $108, which would be 9.09% of approximately $1200.
Defendants have correctly noted that the larger gross sales during the period December 16th to January 16th can be explained by the occurrence of the holiday season and the larger sales of liquor. The amount of the District Court's award to plaintiff for recovery for reduced gross sales indicates that it is based principally on business prior to the damaging of the sign and since plaintiff did not appeal or file an answer to defendants' appeal, it is unnecessary for the Court to consider whether, in the computation of plaintiff's loss of business, the large gross receipts shown during the holiday period should be given nearer equal consideration with the receipts during the late summer and fall months.
Having found that the record sustains the judgment of the District Court, the same is affirmed, with costs.
 On Rehearing